IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN,<br><br>　　　Plaintiff,<br><br>v.<br><br>FELICIA ALEXANDER, et al.,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 6:24-cv-372-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Esaw Lampkin, proceeding pro se, filed this action on October 7, 2024. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the action.

On December 2, 2024, Judge Love issued an order to amend the pleadings (Docket No. 7), after which Plaintiff filed two amended complaints (Docket Nos. 7; 13), and filed a motion to add defendants (Docket No. 12). Considering these filings, Judge Love issued a Report and Recommendation recommending Plaintiff's 42 U.S.C. § 1983 and Family and Medical Leave Act ("FMLA") claims be dismissed with prejudice, and that Plaintiff's Title VII claim be dismissed without prejudice. On March 20, 2025, Plaintiff filed objections to the Report. Docket No. 16.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to portions of the Magistrate Judge's findings and conclusions of de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines

1

the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff reiterates his § 1983 claims against Defendant Tyson Food Inc., its employee Defendants, and the private doctors who treated him for a work-related injury. Docket No. 16. However, as the Magistrate Judge explained, Plaintiff has alleged no facts to suggest that any of these Defendants are state actors and Plaintiff's mere conclusory allegation that the "conduct in controversy was committed by a person acting under color of state law" is insufficient. A private entity may be deemed a state actor (1) "when that entity performs a function which is traditionally the exclusive province of the state," or (2) "where there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Importantly, the state must be "responsible for the specific conduct of which the plaintiff complains." *Id.* But here, Plaintiff has not alleged facts to show that any of the Defendants performed a traditional state function, that there was any nexus between Defendants' actions and the state, or that the state was responsible for the specific conduct alleged. Plaintiff's objection is therefore overruled.

Regarding Plaintiff's Title VII discrimination claim, Plaintiff filed an EEOC charge of discrimination attached to his objections (Docket No. 16-3), but Plaintiff has not included any notice of right to sue letter based upon the charge filed. Without

2

the notice of the right to sue from the EEOC, Plaintiff has not exhausted his administrative remedies, and his Title VII claim must be dismissed without prejudice. *See Morgan v. Texas Dep't of State Health Servs.*, 2018 WL 2031890, at *4 (N.D. Tex. Mar. 29, 2018), *adopted by* 2018 WL 2017596 (N.D. Tex. May 1, 2018). Plaintiff's objection, therefore, is without merit and is overruled.

Lastly, it remains ambiguous as to whether Plaintiff intended to assert a FMLA claim in this matter. Plaintiff's objections do not appear to address a FMLA claim. The Court has reviewed the pleadings and determined that the recommended dismissal of the FMLA claim is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 16) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of this Court. Plaintiff's § 1983 and FMLA claims are **DISMISSED** with prejudice, and Plaintiff's Title VII claim is **DISMISSED** without prejudice.

So **ORDERED** and **SIGNED** this **29th** day of **March, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3